PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
212 571 0805 (phone)
*Attorneys for Plaintiff*


UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
JAMAR BOBBITT,

|  |  |  |
|---|---|---|
|  | Plaintiff, | **COMPLAINT** |
| -against- |  | Jury Demand |

THE CITY OF NEW YORK,
JOHN and JANE DOES 1-10, et al.,

                                     Defendants.
-----------------------------------------------------------x

Plaintiff JAMAR BOBBITT (hereinafter "Plaintiff") by and through his attorney, Vik Pawar, Esq., respectfully alleges as follows:

## PRELIMINARY STATEMENT

1.      Plaintiff brings this action for injunctive relief, compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. §1981, 1983 and 1988 for violations of his civil rights, as secured by statutes and the Constitution of the United States.

## JURISDICTION

2.      The action is brought pursuant to 42 U.S.C. §1981, 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States and New York Constitutions and under New York state laws.

3.      Jurisdiction is found upon 28 U.S.C. §§1331, 1343 and 1367.

## VENUE

4.      Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b), in that it is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in the matter pursuant to Fed. R. Civ. P. 38 (b).

## CONDITIONS PRECEDENT

6.      Plaintiff has duly complied with conditions precedent to this lawsuit by duly and properly filing a notice of claim within ninety (90) days of the occurrence of the events giving rise to this lawsuit.

## PARTIES

7.      Plaintiff, an African-American man, is a resident of the State of New York.

8.      At the time of the incident, plaintiff lived at 120 Chauncey Street, Brooklyn, New York.

9.      On or about May 3, 2014 at approximately 11 pm, plaintiff was inside his residence with his family.

10.     Several unidentified NYPD officers knocked on plaintiff's door.

11.     Plaintiff's father opened the door and when he saw police, asked them whether they had a warrant to arrest or search.  When the officers replied "no", plaintiff's father decided to shut the door.

12.     However, one of the NYPD officers stuck his foot inside the door and claimed that he would not allow the door to close "once [he] had a perp in sight."

13.     Plaintiff's father did not know who this officer was referring to and then asked the officer again for any paperwork.

14.     The NYPD officers refused and barged inside plaintiff's apartment and arrested plaintiff.

15.     They informed everyone inside the residence that they were taking plaintiff to a local precinct for questioning.

16.     Plaintiff was brought to a precinct around midnight.

17.     Plaintiff continued to inquire why he had been arrested and brought down to the precinct.  However, the defendant NYPD officers simply ignored his pleas.

18.     Around 4 a.m., plaintiff repeated his inquiries for the reason for his arrest and requested a phone call to a lawyer.

19.     Around 7 a.m., plaintiff was released without any charges being brought against him.

## AS AND FOR A FIRST CAUSE OF ACTION
### (False Arrest/Unlawful entry-Fourth Amendment)

19.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "18" with the same force and effect as if fully set forth herein.

20.     There was no probable cause for the arrest or the continued incarceration of Plaintiff, and as such the Defendants' acts resulted in violations of plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

21.     As a result of the aforementioned conduct of Defendants, Plaintiff's constitutional right to be free from unreasonable seizure and unlawful governmental intrusion was violated and he sustained physical, economic and emotional injuries.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Deprivation of Rights under the Fourteenth Amendment-Due Process)

22.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "21" with the same force and effect as if fully set forth herein.

23.     The Defendants' conduct herein was an abuse of executive power so clearly unjustified by any legitimate objective of law enforcement as to be barred by the Fourteenth Amendment.   The actions by Defendants deprived the substantive and procedural due process afforded to Plaintiff and was in violation of Plaintiff's constitutional rights under the Fourth and Fourteenth Amendments.

24.     As a result of the foregoing, Plaintiff was deprived of his liberty and property interests and right to procedural and substantive due process, causing economic and severe and permanent emotional and physical injuries.

## AS AND FOR A THIRD CAUSE OF ACTION
(*Monell*/Municipal/Supervisory Liability)

25.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "24" with the same force and effect as if fully set forth herein.

26.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

27.     The aforementioned customs, policies, usages, practices, procedures and rules of the City and Police Department included, but were not limited to, arresting innocent individuals without any probable cause simply to generate overtime.   In addition, the City and Police Department engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees, which was the moving force behind the violation of Plaintiff rights as described herein.

28.     In addition, the Defendant's superior officers whose duty it was to review and screen all arrests for propriety upon presentation by the arresting officer to the precinct and command desks routinely ratified such arrests/detentions without questioning the facts underlying same.

29.     As a result of the failure of the City and Police Department to properly recruit, screen, train, discipline, and supervise its officers, including the individual Defendants, Defendants have tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

30.     The foregoing customs, policies, usages, practices, procedures and rules of the Defendants constituted deliberate indifference to the safety, well-being and constitutional rights of Plaintiff and were the direct and proximate cause and the moving force of the constitutional violations suffered by Plaintiff as alleged herein.

### AS AND FOR A FOURTH CAUSE OF ACTION
(Violation of Section 1981)

31.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "30" with the same force and effect as if fully set forth herein.

32.     Defendants targeted Plaintiff and discriminated against him by detaining him without justification simply because he was African-American and caused deprivation of his constitutional rights.

33.     As a result of these actions, Plaintiff suffered injuries.

### State Law Claims

### AS AND FOR A FIFTH CAUSE OF ACTION
(Negligent Screening, Hiring, and Retention under the laws of the State of New York)

34.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraph numbered "1" through "33" with the same force and effect as if fully set forth herein.

35.     Upon information and belief, defendant City failed to use reasonable care in the screening, hiring and retention of the aforesaid individual defendants who conducted and participated in the violation of Plaintiff's rights.

## AS AND FOR A SIXTH CAUSE OF ACTION
(Negligence under the laws of the State of New York)

36.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "35" with the same force and effect as if fully set forth herein.

37.     Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of the defendants and their employees and agents, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR A SEVENTH CAUSE OF ACTION
(*Respondeat Superior* liability under the laws of the State of New York)

38.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "37" with the same force and effect as if fully set forth herein.

39.     Defendant City is vicariously liable for the acts of its employees and agents who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
(False imprisonment under the laws of the State of New York)

40.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "39" with the same force and effect as if fully set forth herein.

41.     Plaintiff was unlawfully confined, was aware of her confinement and the confinement was not privileged.

42.    As a result of defendants' conduct, Plaintiff has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

## AS AND FOR A NINETH CAUSE OF ACTION
(Intentional and Negligent Infliction of Emotional Distress under the laws of New York)

43.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "42" with the same force and effect as if fully set forth herein.

44.    The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

45.    The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant City.

46.    The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant City. The conduct was intentional and for the sole purpose of causing severe emotional distress to Plaintiff.

47.    As a result of the aforementioned conduct, Plaintiff suffered severe emotional distress, physical and mental injury, together with embarrassment, humiliation, shock, fright, and loss of freedom.

48.    As a result of these actions, Plaintiff suffered injuries.

**WHEREFORE**, Plaintiff demands judgment and prays for the following relief, jointly and severally, against the defendants:

(A) full and fair compensatory damages in an amount Five Hundred Thousand Dollars for each and every cause of action for Plaintiff against defendants (individually or collectively) or as determined by a jury:

(B) punitive damages in an amount to be determined by a jury:

(C) reasonable attorney's fees and the costs, expenses and disbursements of this action; and

(D) such other and further relief as appears just and proper.

Dated: New York, New York
      July 16, 2014

PAWAR LAW GROUP P.C.
20 Vesey Street, Suite 1210
New York, New York 10007
(212) 571-0805

By: _____
Vik Pawar (VP9101)
*Attorneys for Plaintiff*